IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Phillip Schmidt,                           :          Case No. 03:11CV2488

     Petitioner,                      :

vs.                                        :

John Coleman, Warden,                      :          **MAGISTRATE'S REPORT &
                                                      RECOMMENDATION**

     Respondent.                      :

## I. INTRODUCTION.

This case was automatically referred to the undersigned Magistrate Judge for report and recommendation pursuant to UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES 72.2(b)(2).  Pending are Petitioner's Petition for Writ of Habeas Corpus, Respondent's Return of Writ, Respondent's Supplement to Return, Petitioner's Motion for Abeyance, Respondent's Opposition and Petitioner's Reply (Docket Nos. 1, 7, 8, 9, 10 & 11). For the reasons set forth below, the Magistrate recommends the Court deny the Petition for Writ of Habeas Corpus and deny the Motion for Abeyance.

## II. FACTUAL BACKGROUND

The ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT ("AEDPA"), Pub. L. No.

104-132, 110 Stat. 1214 (1996), has an effective date of April 24, 1996.  *Cooey v. Coyle*, 289 F. 3d 882, 896 (6th Cir. 2002) *cert. denied,* 123 S. Ct. 1620 (2003).  Under AEDPA, a federal court may grant a writ of habeas corpus to a state prisoner with respect to some claims adjudicated on the merits.  *Id.*  If a proceeding is instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774 (6th Cir. 2008).  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.  *Id.* (*citing* 28 U.S.C. § 2254(e)(1)).

Because Petitioner has not rebutted the high probability that the facts presented to the jury were true, this summary of facts that was determined by the court of appeals is presumed correct:

> On the evening of June 9, 2009, spouses, Brett and Michelle Riley, decided that they wanted to purchase Fentanyl drug patches, a Schedule II controlled prescription drug that is a powerful synthetic opiate many times stronger than morphine[1], for recreational drug use at their residence in Celina, Ohio.  Having purchased Fentanyl from Petitioner in the past, Brett Riley called Petitioner again to arrange a purchase.  Brett Riley met Petitioner, paid $56 for the patch, and returned home to ingest the Fentanyl patch with Michelle Riley.
>
> Later, the Rileys' children found their parents passed out and were unable to awaken them, so they called 9-1-1.  The police and EMS squads arrived and found that Michelle Riley was completely unresponsive without a pulse, heartbeat or blood pressure; she was deceased.  Brett Riley was very near death, but they were able to resuscitate him and transport him to the hospital.  His condition eventually improved and he survived.  The cause of death for Michelle Riley was determined to be Fentanyl and alcohol intoxication.
>
> *State v. Schmidt*, 2010 WL 3836161, *1 (2010).

---

[1]

A Fentanyl patch is designed to be applied to the skin and used for 48 to 72 hours for timed-release dispensing of the drug in order to manage pain.  Drug abusers will cut up and chew on the patch in order to ingest the drug and experience a high.

### III. PROCEDURAL BACKGROUND.

**A.    INDICTMENT.**

On July 16, 2009, a thirteen-count indictment was filed by the Mercer County, Ohio, Grand Jury against Petitioner as follows:

| COUNTS | CHARGES |
|---|---|
| 1 & 2 | Involuntary manslaughter, a violation of OHIO REV. CODE § 2903.04(A); |
| 3 & 4 | Involuntary manslaughter, a violation of OHIO REV. CODE § 2903.04(B); |
| 5 & 6 | Reckless homicide, a violation of OHIO REV. CODE § 2903.041; |
| 7, 8 & 9 | Corrupting another with Drugs, a violation of OHIO REV. CODE § 2925.02(A)(3);(C)(1); |
| 10 &11 | Trafficking in Drugs, a violation of OHIO REV. CODE § 2925.03(A)(1); (C)(1); and |
| 12 & 13 | Possession of Drugs, a violation of OHIO REV. CODE § 2925.11(A)(1); (C)(1)(a). |

(Docket No. 7-1, pp. 1-9 of 185).

**B.    PLEA AND SENTENCING.**

Pursuant to a negotiated plea agreement filed on December 8, 2009, the State of Ohio decided not to proceed on Counts 1, 2, 3, 4, 6, 7, 8, 11, 12 and 13 of the indictment.  Count 9, corrupting another with drugs, a violation under OHIO REV. CODE § 2925.02(A)(3)(C)(1), a felony of the first degree (without) specification, was amended to a charge of corrupting another with drugs under OHIO REV. CODE § 2925.02(A)(3);(C)(1), a felony of the second degree, without specification.  Petitioner pleaded guilty to Counts 5, amended Count 9 and Count 10. The court advised Petitioner that the maximum stated prison terms on Courts 5 and 10 was five years and the maximum stated prison term on Count 9 was eight years.  The State reserved the right to argue at sentencing and refrain from filing or proceeding with any community control sanction violation in another criminal case (Docket No. 7-1, pp. 11-18 of 185).

3

Claiming that he was under duress or undue influence at the time the plea was made, Petitioner's counsel filed a motion to withdraw Petitioner's plea two days prior to sentencing (Docket No. 7-1, pp. 19-21 of 185).  Petitioner was given a hearing pursuant to CRIM. R. 11(C)[2] and the judge gave Petitioner the opportunity to proceed to trial or enter his plea[3].  In a judgment dated January 22, 2010, the court overruled the motion to withdraw and proceeded to sentencing. Petitioner was sentenced as follows:

| COUNT | CHARGE | SENTENCE |
|---|---|---|
| 5 | Reckless homicide | A definite term of 5 years |
| 9, as amended | Corrupting another with drugs | A definite term of 3 years |
| 10 | Trafficking in drugs | A definite term of 5 years. |

All of these prison terms shall be served consecutively for a total term of 13 years. Collection of the mandatory fine was waived because Petitioner was indigent and upon release

---

[2]

**(C) Pleas of guilty and no contest in felony cases.**
(2)      In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
      (a)      Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
      (b)      Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
      (c)      Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

OHIO CRIM. R. RULE 11 (Thomson Reuters 2012).

[3]

In this case, Petitioner was slated to enter an *Alford* plea.  The *Alford* plea is nothing more than a guilty plea entered by a defendant who either maintains his or her innocence or without maintaining his or her innocence, is unable or unwilling to admit that he or she committed acts constituting the crim.  *North Carolina v. Alford,* 91 S. Ct. 160, 167 (1970).

4

from prison, Petitioner was required to serve a mandatory period of three years post-release control under the supervision of the parole board (Docket No. 7-1, pp. 22-25 of 185).

## C.  DIRECT APPEAL.

A notice of appeal was filed in the Court of Common Pleas for Mercer County, Ohio, on February 17, 2010, from the sentencing judgment of January 22, 2010 (Docket No. 7-1, p. 26 of 185).  Petitioner's brief filed on May 5, 2010 presented three assignments of error and on May 25, 2010, the State responded:

<u>ASSIGNMENT OF ERROR ONE</u>:

Petitioner    The trial court erred in not allowing Petitioner to withdraw his *Alford* guilty plea prior to the sentencing, thereby violating his right to due process under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

*State's Response*:

Petitioner's plea was knowingly, intelligently and voluntarily made.

<u>ASSIGNMENT OF ERROR TWO</u>:

Petitioner:    The trial court abused its discretion by denying Petitioner pre-sentencing motion to withdraw his *Alford* guilty plea, pursuant to OHIO CRIM. R. 32.1[4].

*State's Response*:

The trial court did not abuse its discretion when it denied the motion to withdraw the plea.

<u>ASSIGNMENT OF ERROR THREE</u>:

Petitioner:    Petitioner was denied effective assistance of counsel when trial counsel failed to recuse themselves after it became evident that counsel were

---

[4]

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

5

potential witnesses in Petitioner's motion to withdraw his *Alford* plea and because trial counsel failed to present sufficient evidence at Petitioner's hearing to withdraw his *Alford* pleas of guilty.

*State's Response*:

Defendant was not denied effective assistance of counsel.

(Docket No. 7-1, pp. 36; 107-108 of 185).

The Court of Appeals for the Third Appellate District, Mercer County, Ohio, affirmed the conviction and sentence on October 4, 2010, further finding that:

### ASSIGNMENT OF ERROR ONE:

Petitioner had a full change of plea hearing and a hearing on the motion to withdraw his plea. The record shows that Petitioner was completely aware of the charges against him and the potential sentences he faced. Moreover, the record is devoid of any defenses he may have had to prove his innocence.

### ASSIGNMENT OF ERROR TWO:

The record does not reflect that Petitioner was subject to any undue coercion or duress and there is no evidence that he did not understand his plea and the maximum potential penalties associated with accepting the plea agreement.

### ASSIGNMENT OF ERROR THREE:

Trial counsel was aware of the conflict to which Petitioner refers and they requested permission to withdraw. In any event, Petitioner did not satisfy the *Strickland v. Washington* test[5] (Docket No. 7-1, pp. 130-151 of 185).

**D.  POST CONVICTION RELIEF.**

On December 3, 2010, Petitioner filed a motion to reopen the direct appeal under OHIO

---

[5]

The law regarding ineffective assistance of counsel claims is well-settled. In *Strickland v. Washington*, 104 S. Ct. 2052 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, proof that counsel's performance was deficient and that such deficient performance prejudiced the defense.

APP. R. 26(B)[6], incorporating a memorandum in support and an affidavit in which he argued that his plea was not voluntary, knowing or intelligently made; that his first appellate counsel was ineffective and that his sentence was excessive (Docket No. 7-1, pp. 152-156 of 185).   On January 27, 2011, the Court of Appeals denied the motion (Docket No. 7-1, pp. 157-158 of 185). On March 14, 2011, Petitioner filed a notice of appeal and memorandum in support from the appellate court's denial of his OHIO APP. R. 26(B) application in the Ohio Supreme Court.  In the memorandum, Petitioner alleged that his case was of great general interest and involved substantial constitutional questions, specifically:

1.    Petitioner was forced into taking a plea.
2.    Petitioner's efforts to fire incompetent counsel was thwarted by the trial judge.
3.    The evidence against Petitioner was inadequate at best.
4.    The victims' decided to chew the Fentanyl patch despite its contraindications.

(Docket No. 7-1, pp. 159-167 of 185).

On May 25, 2011, Chief Justice Maureen O'Connor dismissed the first appeal (Docket No. 7-1, p. 170 of 185).

On May 14, 2012, Petitioner filed another notice of appeal and motion for delayed appeal.  On July 5, 2012, Chief Justice Maureen O'Connor denied the motion and dismissed the case.  www.sconet.state.oh.us.

## E.    PETITION FOR WRIT OF HABEAS CORPUS

On November 16, 2011, Petitioner, *pro se*, filed a Petition for Writ of Habeas Corpus in which he seeks remand to the state court for a retrial on the bases that:

---

[6]

(B)(1)  A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.  An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time

<u>**GROUND ONE AND SUPPORTING FACTS**</u>:

The trial court erred in not allowing Petitioner to withdraw his *Alford* guilty plea prior to sentencing.

On advice from counsel, Petitioner made an *Alford* plea to the court; however, the judge did not have a meaningful dialogue with Petitioner that he made a rational plea notwithstanding that he believed Petitioner was innocent of the charged crimes.

<u>**GROUND TWO AND SUPPORTING FACTS**</u>:

The trial court abused its discretion by denying Petitioner's pre-sentence motion to withdraw his *Alford* guilty plea.

Petitioner was not given the opportunity to show a manifest injustice was happening to him. Petitioner's attempt to fire his attorneys by the trial judge even though he wrote a letter to the judge explaining why he was being coerced into entering the *Alford* plea.

<u>**GROUND THREE AND SUPPORTING FACTS**</u>.

Petitioner was denied effective assistance of counsel.

Attorney Diller stated that he and other trial counsel should be required to testify. They should have recused themselves. The court then proceeded with accepting the *Alford* plea and sentencing causing the Defendant to be denied changing his plea and going to trial.

<u>**GROUND FOUR AND SUPPORTING FACTS**</u>:

Petitioner was denied the effective assistance of appellate counsel.

Trial counsel denied Petitioner the opportunity to prove his innocence by continuing their representation on appeal.

(Docket No. 1).

**F.    (MOTION FOR) STAY AND ABEYANCE OF PROCEEDINGS**.

The threshold issue before the Court is whether this case should be held in abeyance pending Petitioner's return to the Supreme Court. Petitioner, *pro se*, asserts that appellate counsel failed to advise him that after his direct appeal was denied, he could proffer an appeal to

8

the Supreme Court of Ohio within 45 days after the entry of judgment from the court of appeals. Petitioner suggests that the ruling on his habeas case be held in abeyance pending his delayed appeal sent to the Ohio Supreme Court by the end of March 2012.

Respondent opposes a stay, acknowledging that exhaustion of state court remedies may be excused only if there is no opportunity to obtain redress in a state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. Here, Petitioner had such opportunity to obtain redress in the state courts and there is absolutely no evidence before this Court that the corrective process he seeks is so clearly deficient as to render futile any effort to obtain relief. For these reasons, Respondent urges the Court to deny the request for stay of these proceedings.

      1.      STANDARD FOR RESOLVING THE MOTION FOR ABEYANCE.

Petitioner is seeking an order staying the proceedings and holding the Petition in abeyance until such time as Petitioner exhausts his state remedies.

"A stay is an equitable remedy, and equity must take into consideration the State's strong interest in proceeding with its judgment." *Bedford v. Bobby,* 645 F.3d 372, 375 (6th Cir. 2011) (*citing Nelson v. Campbell,* 124 S.Ct. 2117, 2125 (2004)). "[T]here is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Id.* (*citing Nelson,* 124 S.Ct. at 2126). "[T]he last-minute nature of an application to stay execution" bears on the propriety of granting relief. *Id.* (*citing Gomez v. United States District Court for Northern District of California*, 112 S.Ct. 1652, 1653 (1992) (per curiam)). The Sixth Circuit Court of appeals reviews the district court's decision to grant a stay for an abuse of discretion. *Id.* (*See*

*Workman v. Bredesen*, 486 F.3d 896, 904–905 (6th Cir.2007) *cert. denied*, 127 S. Ct. 2160 (2007)).  "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Id.* (*citing Tompkin v. Philip Morris USA, Incorporated*, 362 F.3d 882, 891 (6th Cir.2004)).

The Sixth Circuit held that "we apply a four-factor test in resolving such stay motions: "(1) whether there is a likelihood he will succeed on the merits of the appeal; (2) whether there is a likelihood he will suffer irreparable harm absent a stay; (3) whether the stay will cause substantial harm to others; and (4) whether the [stay] would serve the public interest." *Brooks v. Bobby*, 660 F.3d 959, 961-962 (6th Cir. 2011) (per curiam) *cert. denied*, 129 S. Ct. 1316 (2009) (*citing Workman v. Bell,* 484 F.3d 837, 839 (6th Cir. 2007)).   In addition to these four considerations, we also consider the timeliness of the petitioner's claims. *Id.*  "[T]here is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Id.* (*citing Nelson, supra,* 124 S. Ct. at 2126).

A court has the discretion to grant a stay and hold the federal proceedings in abeyance pending the exhaustion of the still unexhausted claims of a habeas petition if the petition also contains exhausted claims, i.e., a mixed petition.  *Carter v. Kelly,* 2011 WL 6749805, *3 (N.D.Ohio,2011) (*citing Hopings v. Kelly*, 2009 WL 484059, *1 (N.D.Ohio,2009) (*see Rhines v. Weber*, 125 S.Ct. 1528 (2005)).  State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings.  *Id.* (*see* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 102 S.Ct. 1198 (1982)).

The Court may only issue an order to stay and hold a petition in abeyance if the petition

is a mixed petition, i.e., a petition that contains grounds for relief that are exhausted and unexhausted.  *Id*.  A claim is unexhausted only if state remedies remain available to the petitioner for that specific claim.  *Id*.  A claim is exhausted "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  *Id.* (*citing Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990)).

### 2.    APPLICATION OF THE STANDARD TO THIS CASE

In the instant case, Petitioner requested a remand so that he could exhaust an unexhausted claim in the Supreme Court.  Notwithstanding that Petitioner's request was predicated on his promise to file an appeal in the Supreme Court of Ohio by the end of May 2012, he fails to establish the requirements a petitioner in a habeas case must meet for an order to stay and abey a mixed habeas petition[7].  Here, Petitioner was provided with an opportunity to exhaust his claims in state court but he failed to take advantage of the opportunity.  This factor attests to Petitioner's lack of diligence in pursuing his state court remedies and attempting to intentionally delay the development of the record.

### A.    THE LIKELIHOOD THAT PETITIONER WILL SUCCEED ON THE MERITS OF THE APPEAL.

Petitioner had the potential to establish good cause for his failure to timely exhaust assuming as true his assertion that neither trial nor appellate counsel advised him of the right to appeal to the Supreme Court; however, it would be an abuse of discretion for the Magistrate to grant the stay because Petitioner has failed to demonstrate that there are arguable meritorious claims which he wishes to return to state court to exhaust.  Petitioner presented, in substance, the

---

[7]

There is no evidence that Petitioner presented a request for delayed appeal of his underlying conviction and sentence in the Ohio Supreme Court.  www.sconet.state.oh.us.

same claims that he presents in the Petition for Writ of Habeas Corpus in the APP. R 26 motion. The Supreme Court denied Petitioner's request for review.

Additionally, federal habeas relief is not available for a claimed violation of state law. Under Ohio law, appellate review of a motion to withdraw a guilty plea is limited to whether a trial court abused its discretion.  *Baumgartner v. Eppinger,* 2012 WL 2344469, *10 (N.D.Ohio,2012).  This habeas court lacks authority to adjudicate a claim that the state court abused its discretion by denying a motion to withdraw a guilty plea.  *Id.* (*citing Xie v. Edwards*, 35 F.3d 567, 1994 WL 462143, at *2 (6th Cir. Aug.25, 1994) (TABLE, text in WESTLAW) (whether trial court abused discretion in denying motion to withdraw plea is question of state law); *Artiaga v. Money,* No. 3:04CV7121, 2007 WL 928640, at *2 (N.D.Ohio,2007)).  Thus, any alleged violation of OHIO CRIM. R. 32.1 is not properly before this Court.

Similarly, Petitioner's claim that the trial judge abused his discretion is generally not a constitutional violation.  *Stanford v. Parker*, 266 F. 3d 442, 459 (6th Cir.2001) (*see Sinistaj v. Burt*, 66 F. 3d 804, 805, 808 (6th Cir. 1995)).  So even if Petitioner exhausted his second ground for relief, this Court could not grant him habeas relief as Petitioner has failed to meet the standard for a review of a substantial constitutional question.  Simply, Petitioner has not demonstrated a likelihood of success on the merits of his first, second or fourth legal contentions.

Because Petitioner's claims of ineffective assistance of counsel were presented, in substance, to the appellate court in a motion under OHIO APP. R. 26 and then to the Supreme Court of Ohio, the Magistrate considers such claims exhausted and will address the merits of such claim.  A stay will not assist Petitioner obtain habeas review of his third grounds.

      **B.**        **THE LIKELIHOOD THAT PETITIONER WILL SUFFER IRREPARABLE HARM ABSENT A STAY.**

While the first factor is essentially dispositive, under the second factor, Petitioner has not demonstrated that he will be exposed to irreparable harm far greater than any harm he might suffer as a result of the stay.  His claims that the trial court's abused its discretion when refusing to permit Petitioner to withdraw his *Alford* guilty plea prior to sentencing is wholly without merit in a habeas case and it is legally impossible for Petitioner to succeed on the merits of these claims in this habeas case.  In fact, the well-established principles for habeas review would moot any challenge he could possibly have for these claims.  The balance of harm is decidedly not in Petitioner's favor since the substantial likelihood of success on the merits in this habeas review is  minimal even if the Supreme Court were to reach the merits of his claims.  In other words, there is no real probability of irreparable harm without the stay.

      **C.**       **WHETHER THE STAY WILL CAUSE SUBSTANTIAL HARM TO OTHERS.**

The third factor to be considered by the Court is whether a stay would result in substantial harm to others interested in this case.  Petitioner has failed to provide a persuasive argument or substantiate a claim that shows in the absence of a stay, the district court proceedings will substantially injure other interested parties.

      **D**.       **WHETHER THE STAY WOULD SERVE THE PUBLIC INTEREST.**

Of the four factors subject to review, the Magistrate finds the calculation of public interest most difficult.  Petitioner failed to establish a public interest in favor of the stay.  Neither has the Magistrate found identifiable competing nor unresolved public interests in this case.  When balancing this factor, the Magistrate concludes that the burden of establishing that the public interest is in favor of a stay has not been met.

Balancing the factors to determine whether a stay should be granted, Petitioner's Motion

must be denied because he has not established any part of the four-prong analysis in favor of granting a stay. The Magistrate proceeds to conduct a procedural and substantive analysis of the merits of Petitioner's habeas claims.

## IV. HABEAS CORPUS STANDARD OF REVIEW.

Federal habeas corpus review under 28 U.S.C. § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). The past-tense nature with which Section 2254(d)(1) is written necessitates such a finding. Section 2254(d)(1) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim: (1) *resulted in* a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined* by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1) (emphasis added).

As a threshold matter, claims in a federal habeas corpus can only be pursued if certain procedural requirements are met. *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004). Federal courts lack jurisdiction to consider a habeas petition claim not fairly presented to the state courts. *Id.* (*citing Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). A petitioner "fairly presents a federal habeas claim to the state courts only if he 'asserted both the factual and legal basis for his claim.'" *Id.* In making this determination, a habeas court may consider whether:

> (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the

14

petitioner alleged 'facts well within the mainstream of [the pertinent] constitutional law.

*Id.* (*See Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004) (*citing McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

Not only must a state prisoner fairly present his case to the state courts, he must also *exhaust* his state remedies before bringing his claim in a federal habeas corpus proceeding.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (*citing* 28 U. S. C. § 2254)).   A habeas petitioner satisfies the exhaustion requirement when the highest court in the state in which the petitioner has been convicted has had a full and fair opportunity to rule on the claims.  *Id.*  If there remains a remedy under state law the petitioner has not yet pursued, exhaustion has not occurred, and the federal habeas court cannot entertain the merits of the claim.  *Drummond v. Houk*, 761 F. Supp.2d 638, 662 (N.D. Ohio 2010).

In *Maupin v. Smith,* 785 F.2d 135 (6th Cir. 1986)), the Sixth Circuit outlined that now familiar test to be followed in cases of potential procedural default.  First, the federal court must determine whether there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule.  *Id.* at 138.  Second, the federal court must determine whether the state courts enforced the state procedural sanction - that is, whether the state courts actually based their decisions on the procedural rule. *Id.*  Third, the federal court must consider whether the state rule is an adequate and independent state ground on which the state can rely to foreclose federal review of a federal constitutional claim. *Id.*   To be independent, "a state procedural rule and the state courts' application of it 'must rely in no part on federal law.'" *Drummond*, *supra*, 761 F.Supp.2d at 663 (*citing Fautenberry v. Mitchell*, 2001 U.S. Dist. LEXIS 25700 (S. D. Ohio 2001)).  To be adequate, "a state procedural rule must be

'firmly established and regularly followed' by the state courts at the time it was applied. *Drummond*, 761 F.Supp.2d at 663 (*quoting Beard v. Kindler*, 130 S.Ct. 612, 617 (2009)).

In determining whether the first three *Maupin* factors are met, the federal court looks to the "last explained state court judgment." *Drummond*, 761 F.Supp.2d at 664 (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)). If this court rendered its opinion based on the state procedural bar, default occurs. *Maupin*, *supra*, 785 F.2d at 138.  If this court reached its opinion based on the merits of the claim, default does not occur and the federal habeas court may also consider the merits of the claim.  *Id*.

Finally, under *Maupin*, if a claim is procedurally defaulted, a federal court may only consider the merits of the claim if the petitioner demonstrates either:  (1) there was cause for him not to follow the procedural rule and he was actually prejudiced by the alleged constitutional error; or (2) a fundamental miscarriage of justice will result from a bar of federal habeas review. *Id*. at 138. With regard to the first option, to establish "cause," a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.  *Kirby v. Beightler,* 2010 U.S. Dist. LEXIS 87158, *14 (N.D. Ohio 2010).  To establish "prejudice," the petitioner must show the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension. *Id*.   There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.  *Id.*

The second option, demonstrating a fundamental miscarriage of justice, is closely tied to the "actual innocence" doctrine.  *Gibbs v. United States*, 655 F.3d 473, 477-78 (6th Cir. 2011) *cert. denied*, 132 S. Ct. 1909 (2012) (*citing Schlup v. Delo*, 513 U.S. 298, 321 (1995)).

According to the United States Supreme Court, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.* (*citing Murray v. Carrier*, 477 U.S. 478, 496 (1986)).  Actual innocence is an extremely narrow exception, and one that is very rarely successful.  *Id*. at 477-78.

To demonstrate a fundamental miscarriage of justice, a petitioner must prove he or she is *actually* innocent of the crime for which he or she was convicted.  *Brinkley v. Houk*, 2012 U.S. Dist. LEXIS 60621 (N.D Ohio 2012).  Actual innocence means factual innocence, not mere legal insufficiency. *Id.*  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Cleveland v. Bradshaw*, 760 F.Supp.2d 751, 756 (N.D. Ohio 2011) (*quoting Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  To prevail, a petitioner must support his allegations with new reliable evidence not presented at trial, whether it is exculpatory evidence, scientific evidence, critical physical evidence, or trustworthy eyewitness accounts.  *Bradshaw*, 760 F. Supp.2d at 756.

### V. ANALYSIS.

1.    GROUNDS ONE, TWO AND FOUR ARE PROCEDURALLY DEFAULTED.

It is well established under Ohio law that under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was not raised or could have been raised by the defendant at the trial that resulted in that conviction, or an appeal from that judgment. *Carter v. Kelly*, 2011 WL 6749805, *6 (N. D. Ohio 2011) (*citing State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104

(1967)).

Because Petitioner could have raised the first, second and fourth issues when he appealed the dismissal of his petition for post-conviction relief, and because Petitioner sought no further action in the Ohio Supreme Court, under Ohio law, the first and second *Maupin* factors are met. Under Ohio's doctrine of *res judicata*, a defendant's claim is barred where he or she could have filed a motion for rehearing on his or her claim in the Ohio Supreme Court after failing to prevail on the claim in the Ohio Court of Appeals.  *State v. Cole*, 2 Ohio St. 3d 112, 443 N. E. 2d 169 (1982).  The third *Maupin* factor is met because Ohio's doctrine of *res judicata* is a procedural bar regularly applied in Ohio Courts.  *See Smith v. Anderson*, 104 F. Supp. 2d 773, 793 (S. D. Ohio 2000).

Inasmuch as the first three *Maupin* factors are met, Petitioner must demonstrate that there was cause for him not to follow the procedural rules.  He claims that "cause" for his failure to appeal the dismissal of the claims was attorney error amounting to ineffective assistance of trial counsel.  Attorney error that rises to the level of ineffective assistance of counsel in violation of the Sixth Amendment may constitute cause to excuse a procedural default.  *Howard v. Bouchard*, 405 F. 3d 459, 478 (6th Cir. 2005) *cert. denied,* 126 S.Ct. 1032 (2006).  However, a claim for attorney error amounting to ineffective assistance of trial counsel cannot be presented as cause if it was procedurally defaulted in the state courts.  *Id.*  Petitioner has never filed an application to reopen his appeal with the Court of Appeals, which is the procedure under Ohio law for raising a claim of ineffective assistance of trial counsel, so he has defaulted on that claim as an excuse for his procedural default in presenting his claims to the Ohio Supreme Court. Petitioner has also never filed with the Ohio Supreme Court for a delayed direct appeal.

18

Consequently, his claim of attorney error as cause is not cognizable in this Court.

Neither has Petitioner shown prejudice required to overcome procedural default nor mount a successful claim that a reasonable jury would have returned a different verdict. Petitioner has not shown that trial counsel's failure to recuse themselves and the trial court's failure to accept his *Alford* plea would have, in all reasonable probability, been accepted for review by the Ohio Supreme Court and on which he would have prevailed.

The threshold showing for relief under the manifest injustice standard is extraordinarily high, clearly exceeding Petitioner's grasp.  Petitioner has not alleged or made a prima facie case for actual innocence or shown that a constitutional violation is the cause of his conviction.

Because Petitioner did not present his first, second and fourth grounds for relief to the highest court in the State of Ohio, the state courts could not have actually enforced any applicable state procedural rule against those claims.  Petitioner has not shown cause and prejudice to excuse the default, nor has he provided any substantial or trustworthy evidence that a fundamental miscarriage of justice will result in the absence of the Court's consideration of his claims.  Grounds one, two and four are not subject to habeas review.

2.   GROUND THREE.

In his direct appeal, Petitioner's motion to withdraw was predicated on claims of duress from trial counsel to enter the plea so counsel's continued representation represented a potential conflict of interest.  In his APP. R. 26 motion and its appeal to the Supreme Court of Ohio, Petitioner concluded that the trial court erred in denying his motion to withdraw plea since he would not have entered the plea but for the ineffectiveness of counsel.

There are two issues here.  First, whether the trial court committed error or otherwise

abused its discretion by denying the post-sentence motion to withdraw guilty plea. Second, whether trial counsel's apparent conflict of interest in representing him during the motion to withdraw constitutes ineffective assistance of counsel.

### A. THE COURT'S DISCRETION.

It is well-settled that a state defendant has no federal constitutional right, or absolute right under state law, to withdraw a guilty or no contest plea. *Carter v. Warden, Chillicothe Correctional Institution*, 2012 WL 2601760, *12 (S.D.Ohio,2012) (*See, e.g., Dickey v. Warden, Lebanon Correctional Institution*, No. 1:08cv819, 2010 WL 92510, at *1, *8 (S.D.Ohio, 2010) (Beckwith, J.; Black, M.J.) (and numerous cases cited therein); *see also Cline v. Kelly*, No. 1:09cv859, 2010 WL 1006529, at *5 & n. 7 (N.D.Ohio Mar.16, 2010) (*citing United States v. Woods*, 554 F.3d 611, 613 (6th Cir.2009); *Xie v. Edwards*, No. 93–4385, 1994 WL 462143, at *2 (6th Cir. 1994)). The decision whether to permit a defendant to withdraw a guilty plea is committed to the trial court's discretion, which generally is not a basis for federal habeas relief." *Id.* (*citing Dickey, supra*, 2010 WL 92510, at *8 (*citing United States ex rel. Scott v. Mancusi*, 429 F.2d 104, 109–10 (2nd Cir.1970)); *cf. Cline, supra*, 2010 WL 1006529, at *5 (finding that the magistrate judge had "correctly concluded" that "whether a state court grants a motion to withdraw a guilty plea is a matter of state law not cognizable on federal habeas review")).

Federal habeas corpus relief is not applicable to errors of state law as they are not in the province of the federal habeas court to reexamine state court determinations on state-law questions. *Smith v. Ohio Department of Rehabilitation and Corrections*, 331 F.Supp.2d 605, 622 (N. D. Ohio 2004). In other words, alleged errors involving the court's own interpretation of its rules are not cognizable in a federal habeas corpus. *Id.*

20

There is no debate that federal habeas relief does not apply to Petitioner's claim that the state court abused its discretion under Ohio law.  This Court has jurisdiction to consider the underlying constitutional claims raised by Petitioner in his motion to withdraw concerning trial counsel's performance, yet the Court cannot address the substantive merit of Petitioner's abuse of discretion by the trial court as such claim involves the clear application of State law.  Such challenge is not relevant to his confinement as a violation of the Constitution or other federal law.

**B.    INEFFECTIVE ASSISTANCE OF COUNSEL.**

In the seminal case of *Strickland, supra*, the Supreme Court determined that in order to successfully claim a lawyer's assistance was so ineffective as to violate the Sixth Amendment a defendant must meet two requirements.  *Muniz v. Smith*, 647 F.3d 619, 623 (6th Cir. 2011) *cert. denied*, 132 S. Ct. 1575 (2012).  "First, the defendant must show that counsel's performance was deficient."  *Id.* (*citing Strickland, supra*, 104 S.Ct. at 2064).  "Second, the defendant must show that the deficient performance prejudiced the defense."  *Id*.

To establish deficient performance under *Strickland*, the defendant "must demonstrate that counsel's representation fell below an objective standard of reasonableness."  *Id.* (*citing Wiggins v. Smith*, 123 S.Ct. 2527, 2535 (2003) (internal quotation marks omitted)).   In this regard, "[t]he burden is on the defendant to make such a showing by identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Id.* (*citing Tibbetts v. Bradshaw*, 633 F.3d 436, 442 (6th Cir. 2011) *cert. denied*, 132 S.Ct. 238 (2011) (*quoting Phillips v. Bradshaw*, 607 F.3d 199, 209 (6th Cir.2010)) (internal quotation marks omitted) *cert. denied,* 131 S.Ct. 1605 (2011)).

21

To establish prejudice, the defendant must show that there exists a reasonable probability that but for counsel's deficient performance, the result of the proceedings would have been different. *Id.* (*citing Tibbetts*, *supra*, 633 F.3d at 442).

Trial counsel negotiated a favorable plea agreement for Petitioner in which 10 counts of a 13-count indictment were *nolled* and in which Petitioner was faced with a sentence that could total a term of 18 years.  There were no promises about the amount of the sentence.  The transcript from the change of plea hearing indicates that counsel discussed the case with Petitioner, advised him of the nature and range of possible sentencing and Petitioner was satisfied with his representation.  By the time of sentencing, Petitioner had a change of heart and/or lack of understanding about the premise of an *Alford* plea so he wanted to proceed to trial.  Once trial court conducted a further colloquy, Petitioner agreed to proceed with the plea.  Trial counsel then continued their representation through sentencing.

Petitioner has not overcome the presumption that counsel rendered reasonable professional assistance particularly since trial counsel:  (1) made a plea to the trial court to ensure that Petitioner's constitutional rights were protected; (2) acknowledged their potential conflict of interest; (3) advised the court of Petitioner's request to terminate trial counsel and replace them with other counsel; (4) requested the opportunity for a jury trial; (5) examined and elicited testimony from Petitioner about the merits of his motion to withdraw; and (6) presented sufficient mitigation to obtain a sentence that was less than the maximum stated prison term of 18 years (Docket No. 8-1, pp. 6-7, 9-10 of 16).

> Mr. Diller:     The court does have in front of it–as well as a copy's been provided to the State–the defendant's motion to withdraw pursuant to CRIM. R. 32.1. . . . . the motion should be freely and liberally granted if the court does find that

22

the evidence supports a reasonable and legitimate basis for the motion. . . . Mr. Schmidt has advanced that at the time of taking of the plea, he was under considerable duress, that an undue influence in coercion in part by both myself and Mr. Mielke and the State of Ohio through Mr. Fox. Obviously, Judge, that puts both myself and Mr. Mielke in a position where advancing this motion, certainly we want to ensure that Mr. Schmidt has his constitutional rights protected. Mr. Schmidt has asked that both Mr. Mielke and myself be terminated as his counsel . . . He again has reaffirmed that request today, and he asks also that the sentencing in this case be deferred. If the court would allow him the appointment of new counsel to consider that and consider this issue, simply the issue of whether both Mr. Mielke and myself possibly should be required to testify, considered for issues of privilege. I've advised Mr. Schmidt that the court, I believe, based on our discussion in chambers would not be inclined to grant that and that in light of that, we would be prepared to go forward today with Mr. Schmidt's testimony.

On behalf of Mr. Schmidt, he has consistently denied these charges the State has asserted against him to that extent that the *Alford* plea was entered. Mr. Schmidt can explain to you his views as to why he believes he was under duress and undue influence that particular day in considering his plea.

(Docket No. 8-1, pp. 5-6, 6-10 of 16).

Defense counsel had a reasonable duty to satisfy Petitioner's right to due process. They realized that to do so they had to ask the court to set aside the plea agreement that they had negotiated and order their withdrawal from the case. They did not abdicate their duties to Petitioner or attempt to discredit him. Instead, trial counsel made strategic, reasoned arguments and inquiries that would assist Petitioner in the pursuit of his rights, thus satisfying the *Strickland* deferential standard. When trial counsel's overall performance is assessed, there is no evidence that they undermined the proper functioning of the adversarial process.

At the second prong of the *Strickland* test, Petitioner was required to demonstrate that counsel's errors prejudiced the defense. He failed to show a reasonable probability that, but for

23

counsel's unprofessional errors, the result of the proceeding would have been different.  The avenues of defense chosen by counsel proved successful and worked adequately.  Even if counsel committed error and such errors were presumed professionally unreasonable, they do not warrant setting aside the judgment of the criminal proceeding because the motion to withdraw guilty plea had no ultimate effect on the judgment.  Petitioner subsequently entered into the guilty plea from which he initially wanted to withdraw.  The confidence in the outcome of this case was not undermined by counsel's performance.

## VI. CONCLUSION

For these reasons, the Magistrate recommends the Court deny both Petitioner's Petition for Writ of Habeas Corpus and the Motion for Abeyance and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:        October 29, 2012

## VII. NOTICE

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of

24

Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.