UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PHILLIP SCHMIDT,** | ) | **CASE NO. 3:11 CV 2488** |
| | ) | |
| Petitioner, | ) | |
| | ) | **JUDGE DONALD C. NUGENT** |
| v. | ) | |
| | ) | Magistrate Judge Armstrong |
| **JOHN COLEMAN, Warden,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Vernelis K. Armstrong (Docket #12) recommending that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket #1) and Motion for Abeyance (Docket #9) be DENIED.

Objections to the Report and Recommendation were originally due on November 12, 2012. On November 21, 2012, the Court issued a Memorandum Opinion and Order adopting Magistrate Judge Armstrong's Report and Recommendation. However, on November 19, 2012, Petitioner had requested an extension of time to file objections to the Report and Recommendation. Although his request for an extension was filed beyond the original date by which his objections were due, the Court granted Petitioner's request for an extension, ordering

objections to the Report and Recommendation be filed by December 6, 2012. (Docket #14.) Accordingly, the Court vacated its November 21, 2012 Memorandum Opinion and Order. (Docket #17.)

Petitioner did not file Objections by December 6, 2012. Instead, on December 5, 2012, Petitioner requested an additional 60 days within which to file objections. His Motion was denied by the Court on December 14, 2012, by marginal entry, noting that the Court would "review all relevant information before final decision." (Docket #18.)

**Factual and Procedural History**

On December 8, 2009, Petitioner pled guilty to Counts 5, 9, and 10 of an Indictment charging him with: (1) reckless homicide, in violation of Ohio Rev. Code § 2903.04(B); (2) corrupting another with drugs, in violation of Ohio Rev. Code § 2925.02(A)(3); (C)(1); and (3) trafficking in drugs, a violation of Ohio Rev. Code § 2925.03(A)(1); (C)(1). Claiming that his Plea resulted from duress or undue influence, Petitioner's Counsel filed a Motion to Withdraw Petitioner's plea two days prior to sentencing. Petitioner was given a hearing pursuant to Crim. R. 11(C), and the Judge gave Petitioner the opportunity to proceed to trial or enter his plea. In a Judgment dated January 22, 2010, the Court overruled the Motion to Withdraw and proceeded to sentencing. Petitioner was sentenced to a total term of 13 years, with a mandatory period of three years post-release control under the supervision of the parole board.

Petitioner filed this Petition for Writ of Habeas Corpus on November 16, 2011, following a direct appeal to the Mercer County, Ohio Court of Common Pleas and then the Third District Court of Appeals, and other motions for post-conviction relief. In his Petition for Writ of Habeas Corpus, Petitioner seeks remand to the State court for retrial on four bases. Petitioner's

Motion for Abeyance, filed on March 21, 2012, seeks an order staying the proceedings and holding the petition in abeyance until such time as the Petitioner exhausts his state remedies.

On February 7, 2012, the Court referred this case to Magistrate Judge Armstrong for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). On October 29, 2012, Magistrate Judge Armstrong recommended that Petitioner's Habeas Petition and Motion for Abeyance be denied.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or

legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

## Conclusion

Although Petitioner did not file objections to the Report and Recommendation, the Court has reviewed the Report and Recommendation *de novo*, reviewing all relevant information. *See Thomas v. Arn*, 474 U.S. 140 (1985). The Court finds Magistrate Judge Armstrong's Report and Recommendation to be well-written, well-supported, and correct. The Report and Recommendation (Document #12) is ADOPTED in its entirety. Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Docket #1) and Motion for Abeyance (Docket #9) are hereby DENIED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
>
> In order to make "substantial showing" of the denial of a constitutional right, as required

under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                                   s/Donald C. Nugent
                                                   DONALD C. NUGENT
                                                   United States District Judge

DATED: January 3, 2013